EVANS, LADD and GAYNOR, JJ., concur.

---

ANNA EVANS, Appellant, v. CITY OF DES MOINES, Appellee.

**MUNICIPAL CORPORATIONS:** Obstruction in Street—Notice,
1 Knowledge, Responsibility—Failure to Show. The existence of an obstruction in a public street does not, of itself, convict the city of negligence.

**MUNICIPAL CORPORATIONS:** Negligence—Obstruction in Street
2 —Proximate Cause. One injured by being hit by a barrel stave which a policeman kicked out of the street cannot predicate liability against the city on the theory that the city was maintaining an unlawful obstruction in the street.

*Appeal from Polk District Court.*—HON. CHARLES A.
DUDLEY, Judge.

WEDNESDAY, MARCH 10, 1915.

ACTION for damages for alleged negligence on the part of the defendant city in permitting an obstruction upon its streets whereby the .plaintiff was injured. At the close of plaintiff's evidence there was a directed verdict for the defendant. Plaintiff appeals.—*Affirmed.*

*Fred F. Keithley,* for appellant.

*H. W. Byers, Eskil C. Carlson,* and *E. M. Steer,* for appellee.

EVANS, J.—The plaintiff was injured while standing on one of the defendant's streets upon the edge of the curb and in the business part of the city between Grand Avenue and Locust Street. The circumstances in brief were that she with many others was watching an oncoming parade headed by policemen walking abreast. As the head of the procession approached the place where plaintiff stood, one of the policemen kicked out of the way of the parade a barrel-stave there lying upon the street. The stave thus kicked struck the plaintiff upon the leg and caused her considerable resulting injury.

The theory of the plaintiff as a ground of recovery is that the city was negligent in permitting such barrel-stave as an obstruction upon its street and that such negligence was the proximate cause of the injury complained of. Her claim is not predicated upon the act of the policeman. She claims no negligence on the part of the policeman nor does she claim any liability of the city for the negligence, if any, of the policeman in kicking the stave. She contends that the act of the policeman was only a concurring and not an intervening cause. The first question which arises upon the record is: Was the charge of negligence supported by sufficient evidence to justify the submission of the case to the jury? The only proof made was that the barrel-stave was at that mo-

1. MUNICIPAL CORPORATIONS: obstruction in street: notice, knowledge, responsibility: failure to show.

ment upon the pavement. Clearly this of itself did not prove negligence. Before the city can be held negligent for permitting an obstruction in its streets it must be shown either that it was responsible for the obstruction in the first instance or that it failed to remove the same with reasonable diligence after discovery or reasonable time for discovery. The evidence discloses nothing as to the length of time the street was in the condition complained of. For aught that appears the stave could have fallen from a garbage wagon within a brief time prior to the accident. The city is not an insurer of the safety of its streets. There was evidence that the stave was old and frayed and marked with wheel tracks. But this is entirely consistent with its previous location in any place,—alley, street or yard.

We think it clear that accepting all the evidence as true no negligence of the city was shown.

There is a further consideration here which bears both upon the negligence pleaded and upon the question of proximate cause. Granting that the stave was an unlawful obstruction of the street while it remained there, it was not as an obstruction to the street that it operated to the injury of the plaintiff. In view of our conclusion at this point we need not pursue further the question of proximate cause which is very ably presented in the briefs. For the reasons indicated, the order directing a verdict must be sustained.—*Affirmed.*

2. MUNICIPAL CORPORATIONS: negligence: obstruction in street: proximate cause.

DEEMER, C. J., LADD and PRESTON, JJ., concur.